UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSAN SCHNEIDERMAN,<br><br>                        Plaintiff,<br>-against-<br><br>SIMM ASSOCIATES, INC. and<br>DOES 1-10,<br><br>                        Defendants. | Civil Action No.: _____<br><br><br><br>COMPLAINT |

Plaintiff, SUSAN SCHNEIDERMAN, by her undersigned counsel, complaining of the Defendants, states as follows:

## JURISDICTION

1. This action arises out of Defendants' violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). This court has federal question jurisdiction pursuant to 15 U.S.C. § 692k (d), 15 U.S.C.A. §1681p and 28 U.S.C. § 1331, since the claims arose under the FDCPA and the FCRA.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff is an adult individual residing in Bridgeport, Connecticut. Plaintiff is a "consumer" within the meaning of Section 803 of the FDCPA, 15 U.S.C. § 1692a(3), in that the alleged debt that SIMM sought to collect

from her was originally incurred, if at all, for personal, family or household purposes and is therefore a consumer debt within the meaning of 15 U.S.C. § 1692a(5). Plaintiff is also a "consumer" within the meaning of Section 603(c) of the FCRA, 15 U.S.C. § 1681a(c).

4. Defendant SIMM Associates, Inc. ("SIMM") is a corporation which maintains its principle place of business at 800 Pencader Dr., Newark, Delaware 19702. SIMM operates as a collection agency and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. DOES 1-10 (the "Collectors") are individual collectors and collection supervisors employed by SIMM and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. SIMM at all times acted by and through one or more of the Collectors.

## FACTS APPLICABLE TO ALL COUNTS

A. The Debt

7. Several years prior to December 2009, the Plaintiff was granted a "Sears Gold MasterCard" (the "Card") and, over a period of time, incurred financial obligations by virtue of the revolving credit available under the credit card. The charges to the Card were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. In or around 2008, a dispute arose between Plaintiff and the original creditor. Plaintiff therefore refused for a period of time to make payments to the

2

creditor. As a result, the creditor declared Plaintiff's account to be in default.

9. The amounts remaining due on Plaintiff's account (the "Debt") were placed with SIMM for collection.

10. The Debt arose from revolving credit charges which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. <u>SIMM Engages in Unfair Collection Practices</u>

12. On December 5, 2009, SIMM, through one of its Collectors believed to be Tina Berry, telephoned the Plaintiff and offered Plaintiff the opportunity to settle the Debt.

13. Plaintiff accepted the offer and provided the Defendants with information sufficient to enable SIMM to obtain the settlement funds directly from Plaintiff's bank account.

14. Toward the end of the 12-minute phone call, the Collector stated to Plaintiff that a fee of $79.00 (the "Fee") was required so that SIMM could provide updated credit information for inclusion on Plaintiff's credit report.

15. Plaintiff refused to pay the Fee, stated that the Fee was illegal and asked to speak with a supervisor.

16. The supervisor, whose name is not immediately known to Plaintiff, initially stated that Berry was incorrect and that the Fee was for a service other than updating credit reports. The supervisor stated that SIMM has "many

3

different types of $79.00 fees" but acknowledged that "credit report updating" was among those services for which a $79.00 Fee was routinely charged.

17. The Supervisor made unpleasant remarks to the Plaintiff but agreed to "waive" the Fee.

## COUNT I
## VIOLATIONS OF THE FDCPA
## 15 U.S.C. §1692f(1)

18. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein at length.

19. Section 808(1) of the FDCPA, 15 U.S.C. §1692f(1), provides, in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

20. Plaintiff's agreement with the Creditor did not obligate Plaintiff for the payment of fees associated with updating credit information.

21. There are no provisions of Connecticut law pursuant to which Plaintiff was obligated to pay fees for the purpose of reporting accurate, updated information to credit bureaus.

22. By demanding payment of the Fee, the Defendants' conduct violated 15 U.S.C. §1692f(1).

23. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT II

### VIOLATIONS OF THE FDCPA
### 15 U.S.C. §1692e(2)

24. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein at length.

25. Section 807(2) of the FDCPA, 15 U.S.C. §1692e(2), provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> \* \* \* \* \* \*
> (2) The false representation of—
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

26. By demanding payment of the Fee, Defendants misrepresented the lawful compensation associated with collection of the Debt to which SIMM was entitled.

27. The foregoing constitutes violation of 15 U.S.C. §1692e(2).

28. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein.

## COUNT III

### VIOLATIONS OF THE FDCPA AND FCRA
### 15 U.S.C. §1692e(8) & 15 U.S.C. § 1681s-2(a)(1)(A)

29. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein at length.

30. Section 807(8) of the FDCPA, 15 U.S.C. §1692e(8), provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * * * * *
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

31. FCRA Section 623(a)(1)(A), 15 U.S.C. § 1681s-2(a)(1)(A) sets forth the following prohibition:

> (A) *Reporting information with actual knowledge of errors.* A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

32. The Defendants' conduct violated 15 U.S.C. § 1692e(8) and 15 U.S.C. § 1681s-2(a)(1)(A) in that the Defendants represented to the Plaintiff, expressly or by implication, that failure to pay a Fee of $79.00 would result in SIMM's refusal to properly update Plaintiff's credit records.

33. By virtue of the foregoing, the Plaintiff is entitled to recover damages as prayed for herein, including punitive damages under 15 U.S.C. § 1681n(a)(2).

## COUNT IV

### VIOLATIONS OF THE FCRA
### 15 U.S.C. § 1681s-2(a)(2)

34. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth herein at length.

35. FCRA Section 623(a)(2), 15 U.S.C. § 1681s-2(a)(2) imposes the following obligations upon those who furnish information concerning consumers to credit reporting agencies:

> (2) *Duty to correct and update information.* A person who
> (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
> (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate.

36. SIMM knew that it was legally obligated, without receiving a fee for such service, to update Plaintiff's credit report with complete and accurate information.

37. SIMM's threatened refusal to properly update Plaintiff's credit report unless a Fee was paid constituted a violation of 15 U.S.C. § 1681s-2(a)(2).

38. By virtue of the foregoing, the Plaintiffs are entitled to recover damages as prayed for herein, including punitive damages under 15 U.S.C. § 1681n(a)(2).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be awarded in her favor and against the Defendants as follows:

   A) Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

   B) Awarding statutory damages as provided under the FCRA, pursuant to 15 U.S.C. § 1681n;

C) Awarding statutory damages as provided under the FCRA, pursuant to 15 U.S.C. § 1681o;

D) Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. §§ 1682n, 1682o and 1692k;

E) Awarding punitive damages in such sum as the Court shall allow pursuant to 15 U.S.C. §§ 1682n(a)(2); and

F) Granting such other and further relief this Court deems just and appropriate.

<u>JURY DEMAND</u>

Plaintiff demands a trial by jury.

Dated: Stamford, CT
July 23, 2010

LEMBERG & ASSOCIATES L.L.C.
*Attorneys for Plaintiff*

By _____
Sergei Lemberg (425027)
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com